WAGNER'S APPEAL.

An assignee for benefit of creditors is not liable for a loss occasioned by the sheriff's sale of a part of the assigned estate which remained in possession of the assignor.

Proof of ownership of property by a wife must be clear and unequivocal.

Appeal from Common Pleas of Chester County No. 15 January Term, 1881.

The opinion of the Court below was as follows, per

FUTHEY, P. J.

Jacob Wagner and wife made an assignment to John R. Johnson, in trust for creditors.

A part of the property assigned was a farm in Chester County. The assignee in order to effect a sale of this farm took in exchange a dwelling house in Philadelphia. The farm and some personal property was valued in this exchange at ten thousand dollars, and the house in Philadelphia at five thousand dollars, which latter was taken subject to two mortgages, one of $2,500 and one of $1,000—total $3,500, leaving $1,500 of the value to be applied to the payment of the $10,-000. This exchange the auditor substantially finds was made with the knowledge and acquiescence of the assignors.

The deed for the Philadelphia property was made to Mrs. Mary Wagner, the wife of Jacob Wagner, and a mortgage given by them thereon to the vendor for $1,000, and the property then conveyed to them by the assignee. An exchange of possession of the properties was also made and the assignors

removed to and took possession of the house in Philadelphia and have since continued to reside there. These transactions took place in September, 1878. In April, 1879, the property in Philadelphia was sold by the Sheriff, for non-payment of the interest due on the first mortgage of $2,500, and purchased by the holder of the mortgage, not realizing sufficient to pay his claim. This sale was made without the knowledge of either the assignors or assignee. The assignors seek to make the assignee responsible for the $1,500, at which this property was valued in the exchange above the encumbrances of $3,500 thereon.

We think the auditor is right in not charging the account-ant with anything on account of this transaction. We find that the assigned estate is solvent, and that no part of this $1,500 is needed to pay debts, such being the case, the house belonged as part of the reversions of the estate to the assignors. The exchange was with their knowledge and assent in order to effect a sale of the farm in Chester County. They took possession of the house and occupied it at the time of the Sheriff's sale. They paid nothing to the assignee for its use, and as the auditor says, "resided there as owners rather than as tenants." There was no duty incumbent upon the assignee to pay the interest on the encumberances subject to which it was taken. The assignee had no moneys which he could properly apply to that purpose. The property being virtually the property of the assignors and occupied by them, although they had placed the legal title in the assignee, it was their duty to keep down the interest, if they wished to pre-serve it from a sale by the Sheriff.

The auditor reduces the commissions claimed by the account-ant and strikes out credits claimed for travelling expenses.

The amount which an accountant shall receive for compen-sation and expenses in executing a trust is regulated under certain general rules, by the amount of the estate; the care and responsibility incurred; the amount of expenses paid and the skillfulness with which the trust is managed. We think the auditor under the facts found by him is right in this re-gard.

We also concur in his conclusion that the costs of the audit shall be divided between the accountant and exceptors, for the reasons given by him. The report of the auditor is therefore confirmed.

An auditor was then appointed to make distribution, who reported *inter alia* as follows:

That on the twelfth day of April last, Jacob Wagner in company with I. D. Yocum, Esq., of counsel for Mary A. Wagner and John J. Pinkerton, Esq., of counsel for certain of the creditors of the said Jacob Wagner, appeared before your auditor at his office in the Borough of West Chester and proceeded to take the testimony of Jacob Wagner, which was reduced to writing and will be found attached to this report. Your auditor is satisfied with the admissibility of the testimony of the husband in this instance tending to prove the wife's ownership of the property and in the conclusions herein arrived at has fully considered and passed upon the same.

As appears by the former report in this estate, the entire amount of the moneys here for distribution is the proceeds of personal property which at the time of the assignment was in the possession of Jacob Wagner, who was then living with his wife upon the Brandywine farm in Chester County. The question here presented is whether the evidence of Jacob Wagner, the husband, is sufficiently strong and clear to make out the title to his wife's property as against his own creditors who are claiming it. The law is now well settled that there are no presumptions in favor of the wife's title in a contest with the husband's creditors. The husband's possession is presumed to be in his own right till the contrary be shown, and the wife's ownership must be shown by clear and unequivocal evidence ; Curry vs. Bott, 3 P. F. Smith, 400 ; Gault vs. Saffin, 8 Wright, 307. From the testimony of Jacob Wagner we have the fact that his wife was never at any time possessed of a separate estate, but only such as was derived through himself, the husband; that in the year 1865, when he would seem to have enjoyed affluent circumstances, he purchased a house and lot on Twelfth Street, in the City of Philadelphia, "and gave it to my wife,' that subsequently becoming in embarrassed circumstances and needing money, he says, "I

had no money to go into business, I then told my wife if she would sell the Twelfth Street house and loan me the money, I would give her the Diamond Street property in place of it." * * * "She sold the Twelfth Street property and loaned me the money." * * * "I did not deed her the Diamond Street property, * * * but subsequently sold it in April, 1877, and gave her the money that was left after paying the debts. I gave her about $4,800. She then gave me the money and told me to go and buy her a farm with it, I then bought the East Brandywine farm."

It will be seen from the testimony of Jacob Wagner, how his wife first became possessed of this fund, and how it has been held and used by the husband and wife since that time. Mary A. Wagner had possession of it during the time she held the Twelfth Street property, Jacob, the husband, held possession of it without giving the wife anything to show for it until they bought the Brandywine farm. The money seems to have been held between them subject to convenience and agreement, and always at the entire control of the husband. Your auditor is of the opinion that there is no evidence before him sufficiently clear and strong to warrant him in concluding that the stock upon the Brandywine farm, of which this fund is the proceeds, was purchased with the wife's own *separate property*. A mere gift of money to the wife (as was the case here) is not a *settlement* of it as her *separate estate*. It may be for safe keeping or deposit, without any intention to divest the husband's title; Parvin vs. Capewell, 9 Wright, 93. No mere agreement between husband and wife, whether in writing or otherwise, will avail against creditors of the husband, without proof that the property belonged to the wife independent of the agreement between them. Your auditor finds there is nothing in the testimony of Jacob Wagner to show whether this money was given to his wife for safe-keeping, or whether it was intended as a settlement of her separate estate. The simple fact that he gave the wife the money amounts to nothing, unless it be shown by clear and rigid testimony that it was intended to become her own separate estate, and this is even susceptible of other and stronger proof than the husband's testimony after he has become bankrupt.

. The deed of assignment in this case shows that all of the property of Jacob and Mary A. Wagner, both real and personal, (reserving the exemption) was assigned to John J. Johnson for the payment of THEIR debts, i. e. the debts of both Mary and Jacob; and should any part or portion of said trust property or funds remain after fully complying with the trust, that in such event the said John R. Johnson shall deliver and reconvey the same unto the said Jacob Wagner and Mary A. Wagner, their executors, &c. By this deed of assignment it will be seen that the property is treated as belonging to both the assignors without any discrimination or distinction.

In addition to this fact we also find Jacob Wagner claiming and having set apart for himself the personal property, allowed him under and by virtue of the exemption, and the reservation contained in the deed of assignment. In the light of the great number of decisions governing the well settled *principle* of law in similar cases, together with the facts and circumstances attending this one, your auditor is unable to conclude that in this instance that wife would be successful in her claim, but is of the opinion that the creditors of Jacob Wagner should have the fund.

---

The Court confirmed the report in the following opinion, per

FUTHEY, P. J.:

Jacob Wagner was undoubtedly a competent witness and his testimony has been considered by the auditor in his second report. The auditor finds that the property for distribution belongs to Jacob Wagner and has reported distribution thereof among his creditors. We agree with him that this was a proper distribution of the moneys, except that he has omitted to allow the assignors a portion of the exemption $57.12, which as it now appears has not been paid, and which is included in the moneys for distribution. This it is agreed by counsel for creditors shall be deducted from the balance before distribution is made to creditors.

. Jacob Wagner and wife then appealed, complaining of the action of the Court in not surcharging the assignee and in not

awarding the balance to Mrs. Wagner instead of her husband's creditors.

*J. D. Yocum, Esq.*, for appellants, cited Lewin on Trustees, 152; Springer's Estate, 51 Pa., 342; Blackburne's Appeal, 39 Pa., 160; Townsend vs. Maynard, 45 Pa., 130; Grabill vs. Moyer, 45 Pa., 534; Bergey's Appeal, 60 Pa., 408; Miller's Appeal, 65 Pa., 101; Tripner vs. Abrahams, 47 Pa., 227.

*Wm. B. Waddell and J. J. Pinkerton, Esqs., contra,* cited Gault vs. Saffin, 44 Pa., 307; Curry vs. Bott, 53 Pa., 403; Winter vs. Walker, 37 Pa., 156; Keeney vs. Good, 21 Pa., 349; Gamber vs. Gamber, 18 Pa., 365; Aurand vs. Schaffer, 43 Pa., 364.

The Supreme Court affirmed the decree of the Common Pleas on April 1st, 1881, in the following opinion:

PER CURIAM.

We affirm this decree upon the opinion of the learned judge of the Court below.

> Decree affirmed and appeal dismissed at the costs of the appellants.